IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UMAR GARVIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-2988 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
|     Defendant. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                    **JULY 30, 2020**

Plaintiff Umar Garvin, a prisoner currently incarcerated at SCI-Mahanoy, filed this civil action against the City of Philadelphia seeking damages for his allegedly unlawful imprisonment. For the following reasons, the Court will dismiss Garvin's Complaint pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

### I.   FACTUAL ALLEGATIONS

Garvin's Complaint is brief.  He seeks "300,000 thousand dollars" based on what appear to be allegations that he is serving an illegal criminal sentence.  (ECF No. 1 at 1.)  Garvin claims that he was "charged twice for the same crimes under a [negotiated] plea." (*Id.*)  Garvin also contends that he has already served his sentence, and that the Honorable Mia Roberts Perez "sentence[d] [him] twice because [he] sued her [for] false arrest."  (*Id.*)  Garvin also notes that "if this civil action is not a good idea" he wants "the Court to send [him] a federal habeas corpus for double jeopardy."  (*Id.* at 2.)

A search of publicly available dockets reflects that Judge Perez presided over proceedings in which Garvin was charged with and pled guilty to assault.  *See Commonwealth v. Garvin*, CP-51-CR-0004047-2017 (C.C.P. Phila.); *Commonwealth v. Garvin*, CP-51-CR-

0004048-2017 (C.C.P. Phila.); *Commonwealth v. Garvin*, CP-51-CR-0004049-2017 (C.C.P. Phila.); *Commonwealth v. Garvin*, CP-51-CR-0001962-2018 (C.C.P. Phila.).  Garvin was charged as Uman Garvin; Umar Garvin is listed as one of his aliases.  The dockets reflect that on September 4, 2019, Garvin was reincarcerated after violating his probation or parole.  He has filed for post-conviction relief, and his petition is currently pending in state court.  Although unclear, it appears the sentence Garvin received for violating the terms of his probation or parole is the impetus for his pending civil Complaint.

Notably, Garvin previously filed a civil action for damages and release from imprisonment against Judge Perez, apparently based on the same events underlying his claims in the instant lawsuit.  *See Garvin v. Perez*, Civ. A. No. 19-2883 (E.D. Pa.)  In that case, Garvin alleged that Judge Perez subjected him to false imprisonment and discriminated and retaliated against him for filing a prior lawsuit.  *See Garvin v. Perez*, No. 19-CV-2883, 2019 WL 6893091, at *1 (E.D. Pa. Dec. 18, 2019).  The Court dismissed Garvin's operative complaint as legally frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), on the basis that Judge Perez was entitled to absolute judicial immunity from Garvin's claims.  *Id.* at *3.

In dismissing Garvin's case against Judge Perez, the Court explained to Garvin that he:

> should be aware that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, if Garvin seeks to challenge his conviction or imprisonment, he must do so by filing a petition for a writ of *habeas corpus* after exhausting state remedies along with either the $5 filing fee or a motion for leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 2254.  The dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Garvin] against his state proceedings." *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).

*Id.* at *3 (footnote omitted).  Despite that guidance, Garvin filed two unauthorized amended complaints, both of which were stricken by the Court.[1]

After submitting his Complaint in the instant civil action, the Court received a submission from Garvin, docketed as a letter, titled "Federal Habeus [sic] Corpus Civil Action" and listing as Defendants the City of Philadelphia, Judge Perez, and the "Philadelphia Police office department."  (ECF No. 3.)  In the letter, Garvin refers to alleged violations of his Fourth Amendment and Fifth Amendment rights, and indicates that he seeks "a money reward."  (*Id.*)  He also refers to a prior lawsuit he filed, *Garvin v. Palmer*, Civ. A. No. 10-1294 (E.D. Pa.), the relevance of which is unclear.

## II.     STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing Garvin's Complaint unless and until Garvin either paid the fees or was granted leave to proceed *in forma pauperis*.  *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*).  However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that

---

[1] The Court's March 24, 2020 Order again informed Garvin that he could file a petition for a writ of *habeas corpus* rather than filing unauthorized amended complaints in his dismissed civil rights action.  However, it appears service of the Order was not made at the time it was docketed due to difficulties stemming from the pandemic caused by COVID-19.

permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Garvin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

As Garvin appears to be seeking money damages from the City of Philadelphia based on allegedly unconstitutional imprisonment, the Court construes the Complaint as one under 42 U.S.C. § 1983. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

4

prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation decisions.  *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, Civ. A. No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012).  As the decision to revoke Garvin's probation or parole and his related sentence have not been invalidated, Garvin's claims for damages based on his imprisonment are not cognizable at this time.

In any event, Garvin has not articulated a basis for the City's liability.  To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  Garvin does not allege that a municipal policy or custom was responsible for the challenged conduct.  Accordingly, even if his claims were cognizable, Garvin has not stated a plausible basis for proceeding against the City.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Garvin's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) because it is barred by *Heck*.  Garvin will not be

---

[2] To the extent Garvin intended to pursue claims against Judge Perez for how she handled his criminal proceeding, those claims are barred by absolute judicial immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  To the extent he intended to pursue claims against the Philadelphia Police Department, it is not an entity capable of being sued under § 1983.  *See Vurimindi v. City of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).

permitted to file an amended complaint because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  However, the case will be dismissed without prejudice to Garvin filing a new civil rights complaint for damages only in the event the decision to revoke his probation or parole and his related sentence are reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).

As previously noted, if Garvin seeks to challenge his imprisonment, he must do so by filing a petition for a writ of *habeas corpus* after exhausting state remedies, along with either the $5 filing fee or a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  The dismissal of this § 1983 case does "not constitute a bar to any collateral attacks by [Garvin] against his state proceedings." *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).  An appropriate Order follows.

                                      **BY THE COURT:**

                                      **/s/ Gerald Austin McHugh**

                                      **GERALD A. McHUGH, J.**